**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RON HUBBARD,

        Plaintiff-Appellant,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, also known as
USAA,

        Defendant-Appellee.

No. 07-1098
(D.C. No. 05-cv-927-WDM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Plaintiff Ron Hubbard appeals from an order of the district court granting

summary judgment to defendant United Services Automobile Association (USAA)

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on his federal and common law claims of employment discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Hubbard, a white male born in August 1951, was an employee of USAA from 1991 until mid-2004, when he resigned to take a position with another company. He asserted that he was denied interviews for virtually every job opening at USAA for which he applied. In December 2003, he interviewed for a position as a Casualty Claims Examiner. Two other candidates were ultimately chosen. After being denied a Casualty Claims Examiner position, Mr. Hubbard complained to his manager that he felt that only younger females and minorities were being selected for positions. He asserted that this resulted in an investigation into whether he had made a racial slur about "Orientals." He also made an official complaint that he was being denied interviews because of his age. He asserted that after making this complaint, his performance appraisal was changed from "exceeds expectations" to "meets expectations," which made him ineligible to obtain any other job interviews for that year. In July 2004, USAA mandated that all employees sign an agreement providing for mandatory arbitration of all claims of discrimination or be terminated. Mr. Hubbard resigned. He filed a charge with the Equal Employment Opportunity Commission on September 28, 2004, asserting that USAA forced him out of his position due to

age discrimination, reverse race discrimination, reverse gender discrimination, and retaliation.

The district court granted USAA's motion for summary judgment, reviewing only those incidents for which Mr. Hubbard's administrative complaint was timely filed. The court noted that Mr. Hubbard admitted that he had no direct evidence of discrimination and therefore evaluated his claims of discrimination and retaliation under the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). USAA did not dispute that Mr. Hubbard could establish a prima facie case of age discrimination with respect to its decision not to promote him to Casualty Claims Examiner. The court held, however, that Mr. Hubbard had not established a prima facie case with respect to his other claims. The court concluded that even if Mr. Hubbard had established a prima facie case as to any of his claims, there was no evidence in the record to suggest that USAA's reasons for its allegedly adverse employment decisions were a pretext for unlawful discrimination or retaliation.

We review the grant of summary judgment de novo, construing the record in the light most favorable to Mr. Hubbard, the non-moving party, and resolving all reasonable inferences in his favor. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A defendant seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact, including a lack of evidence supporting the plaintiff's claims. *See id.* at 670-71.

If the defendant meets that burden, the plaintiff cannot rest on his pleadings; rather, "the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* at 671. "Thus, although our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Id.* We are not obligated to comb the summary judgment record and make plaintiff's case for him by locating materials that he did not reference to the district court. *See id.* at 672. "Thus, where the burden to present such specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district court for failing to uncover them itself." *Id.*

Mr. Hubbard argues on appeal that there are disputed issues of material fact and that the district court erred in granting summary judgment to USAA: (1) on his age discrimination claim; (2) on his reverse race discrimination claim; (3) on his reverse gender discrimination claim; and (4) on his retaliation claim. He insists that he was better qualified than the candidates chosen for the job he desired, even though USAA presented evidence that it considered the candidates it selected to be better qualified.

Mr. Hubbard's reference to specific facts in support of his claims is sparse, at best. Indeed, the district court stated that Mr. Hubbard "did not provide a response to USAA's statement of undisputed facts, nor did he include a statement

of additional undisputed (or disputed) facts[, and he] did not provide specific references to record material to establish the facts, disputed or undisputed." District Ct. Order on Mot. for Summ. J. at 1.

We have carefully examined the parties' briefs, the record (to the extent that Mr. Hubbard referenced specific evidence to the district court), and the district court's order in light of the governing law. We conclude that the district court correctly decided this case, and we **AFFIRM** for substantially the same reasons as those thoroughly explained in the district court's order entered on February 5, 2007.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge